UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SHANNON SCHWARTZ

CIVIL ACTION

VERSUS

DOLGENCORP, LLC, DOING BUSINESS
AS DOLLAR GENERAL

NO.: 11-00720-BAJ-DLD

ORDER AND RULING

Before the Court is **Defendant's Motion for Summary Judgment (Doc. 15)**, filed by Defendant Dolgencorp, LLC, doing business as Dollar General ("Dolgencorp"), seeking an order from this Court granting it summary judgment, pursuant to Federal Rule of Civil Procedure ("Rule") 56. The motion is unopposed. Oral argument is not necessary. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1332. For the reasons herein, Dolgencorp's motion for summary judgment is **GRANTED**.

I.   Background

Plaintiff Shannon Schwartz ("Schwartz") filed this action after she hurt her right eye on a display rack in a Dollar General store located in Baker, Louisiana, which is operated by Defendant Dolgencorp, LLC ("Dolgencorp"). (Doc. 1-1.) Schwartz alleges she bent over to select a pair of slippers from the bottom of a shoe display when her right eye made contact with a part of the display rack. (Doc. 1-1.). Schwartz claims that the shoes were negligently crammed onto the display "in such a way that there was no way for a shopper to see the hook or prong attached to the display rack which extended between the shoes in an unsafe manner and posed a danger to shoppers." (Doc. 1-1, ¶ 7.) Schwartz alleges that the Dollar General Store created "the unsafe condition of the unsafe merchandise" and in the alternative, the Dollar General Store's officers,

employees, agents, and/or representatives had "constructive notice of the unsafe and dangerous condition of the shoe display rack." (Doc. 1-1, ¶ 8.) Finally, Schwartz alleges that the Dollar General Store and its officers, agents, employees, and/or representatives were negligent in keeping the premises safe and failing to warn customers about the display rack's condition. (Doc. 1-1, ¶ 10.)

## II.   Standard of Review

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The movant, or party seeking summary judgment, bears the burden of showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). To prevail on its claims under Louisiana law, the plaintiff must prove all of the elements of Louisiana Revised Statute 9:2800.6. The statute provides:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

>> (3) The merchant failed to exercise reasonable care.

La. R.S. § 9:2800.6. Constructive notice means:

> the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

*Id.* Additionally, Louisiana law provides that it is incumbent upon the plaintiff to prove the existence of a dangerous condition and the defendant merchant "does not have to make a positive showing of the absence of the existence of the condition prior" to the injury. *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1084 (La. 1997). In *White*, the Louisiana Supreme Court held that the statute does not permit an inference of constructive notice. *Id.* The plaintiff must show the mandatory temporal element "that the condition existed for such a period of time." La. R.S. § 9:2800.6 (C)(1). A claimant "who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice." *White*, 699 So.2d at 1084.

### III.  Analysis

Dolgencorp argues that Schwartz has not met her burden and points to Schwartz's deposition testimony and photographs that Schwartz took the day after the incident. In her deposition, Schwartz stated she was unable to identify what part of the display her eye made contact with. However, Dolgencorp argues that Schwartz testified

that she looked at the display and could "clearly see the rack levels/prongs holding the slippers." (Doc. 15-2, p. 11). Dolgencorp points to the deposition of Schwartz's niece who was present with her at the time, who stated that the shoe display prongs had yellow price tags, which "caught my attention." (Doc. 15-2 at 12). The photographs that Schwartz took the day after the incident do not represent where on the display Schwartz's eye came into contact because Schwartz stated that she came into contact with a part of the display above her waist and the photographs depict the lower level of the rack. (Doc. 15-2 at 11). However, Dolgencorp argues that the photos do not depict an "unreasonably dangerous condition," and this Court is inclined to agree.

There is nothing in the record that indicates that Schwartz will be able to meet her burden at trial of showing an unreasonably dangerous condition. Schwartz has not put forth any evidence showing that Dolgencorp had actual or constructive notice of a hazardous condition in the shoe display.

IV. <u>Conclusion</u>

Accordingly,

**IT IS ORDERED** that **Defendant's Motion for Summary Judgment (Doc. 15)** is **GRANTED**.

7
Baton Rouge, Louisiana, this 19th day of October, 2012.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**